UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICHARD HAMBLEN )
)
v. ) No. 3:08-1034
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 1), filed by counsel for the Movant/Petitioner (hereinafter "Petitioner"). The Government has filed Responses to the Motion (Docket No. 3, 7), and the Petitioner has filed a Memorandum In Support Of His Motion (Docket No. 6).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with possession of certain machine guns, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (Count One), and with possession of certain machine guns that were not registered, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (Count Two). (Docket No. 1 in Case No. 3:05-00226). The charges were based on Petitioner's possession of nine machine guns and other firearms kept in a safe at the back of his place of business. (Transcript of Trial, Vol. I, at 23-92 (Docket No. 36)).

At the conclusion of a two-day trial, the Defendant was convicted of both Count One and Count Two. (Docket Nos. 17, 18, 23 in Case No. 3:05-00226). At the subsequent sentencing hearing, the Court sentenced the Petitioner to a total term of 15 months of imprisonment. (Docket No. 28 in Case No. 3:05-00226).

The Petitioner appealed his conviction to the Sixth Circuit (Docket No. 39 in Case No. 3:05-00226; United States v. Richard Hamblen, 239 Fed. Appx. 130, 2007 WL 1804393 (6th Cir. June 21, 2007)), and the Sixth Circuit affirmed. Id. The Petitioner then filed a Petition for Writ of Certiorari in the United States Supreme Court, but the Petition was subsequently denied. (Docket Nos. 41, 42 in Case No. 3:05-00226).

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because the statutes under which he was convicted violate the Second Amendment.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy,

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

2

however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

In this case, the Petitioner does not seek an evidentiary hearing to introduce new evidence in support of his constitutional claim. (Docket No. 6). The Court agrees that an evidentiary hearing is not warranted in this case.

C. Procedural Default

The Government argues that the Court need not reach the Petitioner's constitutional

---

set aside or correct the sentence.

claim because that claim has been procedurally defaulted. Petitioner defaulted the claim, according to the Government, because his Second Amendment argument to the appeals court focused on his collective rather than individual right to bear arms.

In the trial court, Petitioner's primary, if only, defense rested in his belief that his firearm possession was protected by the Second Amendment. (Docket Nos. 16, 26, 29 and 38). The Court rejected the Petitioner's argument under the then-prevailing view that the Second Amendment guaranteed only a collective right to bear arms, and that collective right required that the Petitioner show his possession had some reasonable relationship to the preservation or efficiency of a well-regulated militia. (Transcript of Trial, Vol. II, at 273-74, 334-35 (Docket No. 37)). The Court also charged the jury to that effect. (Id.)

In considering Petitioner's Second Amendment argument on appeal, the Sixth Circuit reiterated the state of the law at that time that the Second Amendment guarantees a collective rather than an individual right to bear arms, and that under United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 806 (1939), the Petitioner was required to show that his possession of machine guns had some reasonable relationship to the preservation or efficiency of a well-regulated militia. 239 Fed. Appx. at 134-35. Finding that the Petitioner had failed to make that showing, the Sixth Circuit rejected his Second Amendment argument. Id. As noted above, Petitioner then filed a Petition for Writ of Certiorari in the United States Supreme Court, which was denied. (Docket Nos. 41, 42 in Case No. 3:05-00226).

Approximately one year after the Sixth Circuit affirmed Petitioner's conviction, on June 26, 2008, the Supreme Court issued its decision in District of Columbia v. Heller, ___ U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), recognizing for the first time an individual right to bear

4

arms guaranteed by the Second Amendment.

Relying primarily on Heller, Petitioner now argues that his conviction and sentence violate his Second Amendment rights.

The Court is persuaded that the Petitioner fairly presented to this Court and the Sixth Circuit on direct appeal the Second Amendment argument he now raises in the pending motion to vacate. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed. 438 (1971)(In the context of a state prisoner habeas case, the Court explains that claims must first be "fairly presented" to state court); United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(Procedural default rules developed in state habeas corpus cases apply in federal habeas corpus cases). The Petitioner clearly presented to the Sixth Circuit his claim that his conviction violated his Second Amendment rights. Picard, 404 U.S. at 277 (A mere variation in legal theory does not automatically indicate that the defendant has failed to fairly present a claim). See also Dye v. Hofbauer, 546 U.S. 1, 126 S.Ct. 5, 163 L.Ed.2d 1 (2005). Accordingly, the Court concludes that the Petitioner has not defaulted the claim by failing to raise it on direct appeal.

D. Second Amendment

In raising the Second Amendment claim here, Petitioner primarily relies on District of Columbia v. Heller, In Heller, the Court held that the District of Columbia's prohibition on the possession of handguns in one's home violates the Second Amendment. 128 S.Ct. at 2814-18. In reaching its decision, the Court held that the Second Amendment confers an individual right to keep and bear arms. Id.

At the same time it recognized a Second Amendment right for an individual to bear arms, the Heller Court limited the scope of that right within the context of its own opinion:

5

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.
>
> * * *
>
> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
>
> We also recognize another important limitation on the right to keep and carry arms. Miller [United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939)] said, as we have explained, that the sorts of weapons protected were those 'in common use at the time.' 307 U.S., at 179, 59 S.Ct. 816. We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'

Heller, 128 S.Ct. at 2816-17 (footnote and citations omitted).

Thus, the Heller Court made clear that the Second Amendment right it recognized did not include possession of weapons by certain categories of individuals, or possession of weapons in certain places, or possession of certain types of weapons. The Court specifically discussed the types of weapons that were not protected by the Second Amendment in distinguishing the Miller case:

> Read in isolation, Miller's phrase 'part of ordinary military equipment' could mean that only those weapons useful in warfare are protected. That would be a startling reading of the opinion, since it would mean that the National Firearms Act's restrictions on machineguns (not challenged in Miller) might be unconstitutional, machineguns being useful in warfare in 1939. . . . We therefore read Miller to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns. . . .

128 S.Ct. at 2815-16.

The conclusion that the Heller Court did not extend Second Amendment protection to machine guns, in particular, is supported by the lower federal courts that have addressed the issue. In United States v. Fincher, 538 F.3d 868, 873-74 (8th Cir. 2008), the Eighth Circuit held that the defendant's possession of a machine gun was not protected by the Second Amendment under Heller: "Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."

In United States v. Gilbert, 286 Fed. Appx. 383, 2008 WL 2740453 (9th Cir. July 15, 2008), the Ninth Circuit approved a jury instruction that an individual does not have a Second Amendment right to possess a machine gun or a short-barreled rifle. The court explained that under Heller, "individuals still do not have the right to possess machineguns or short-barreled rifles, as Gilbert did . . ." 286 Fed. Appx. at 386.[2]

The Petitioner argues that the limitations placed on the Second Amendment right to bear arms by the majority opinion in Heller can not square with the Court's earlier decision in Miller. Whatever merit there is to that argument, however, this Court is bound by the Heller opinion as written.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this

---

[2] The defendants in Fincher and Gilbert, like the Petitioner here, were charged with possession of machine guns in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and possession of unregistered firearms in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. See 538 F.3d at 870; 286 Fed. Appx. at 385.

7

action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. 2253(c). The Court concludes that Petitioner has made a substantial showing of the denial of a constitutional right as to his Second Amendment claim, and reasonable jurists could find the Court's assessment of the constitutional claim debatable. <u>See</u>, <u>e.g.,</u> <u>Castro v. United States,</u> 310 F.3d 900 (6th Cir. 2002). Accordingly, the Court will issue a certificate of appealability on Petitioner's Second Amendment claim.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8